Andre JOHNSON, Plaintiff—Appellant,

v.

J. MARSHALL; S. Rodriguez,
Defendants—Appellees.

No. 03–16427.

D.C. No. CV–02–6183–AWI/SMS.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 22, 2003.

Andre Johnson, pro se, Coalinga, CA, for Plaintiff-Appellant.

John William Riches, II, Attorney General's Office for the State of California, James E. Flynn, Deputy Atty. Gen., AGCA—Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before WALLACE, GOODWIN, and McKEOWN, Circuit Judges.

## MEMORANDUM**

Andre Johnson, a California state prisoner, appeals pro se the dismissal for failure to state a claim of his action under 42 U.S.C. § 1983 claiming that deductions from his inmate trust account for payment of his restitution obligation violated his due process rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

see *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), and affirm.

California Penal Code § 2085.5 requires the California Director of Corrections to make deductions from the wages and trust account deposits of prisoners for payment of restitution obligations. Johnson cannot state a due process claim because the statute is rationally related to legitimate state interests in compensating crime victims. *See Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

Johnson claims that the defendant prison officials' deductions from his account violated his procedural due process rights because the sentencing court did not order the deductions and did not give him notice that restitution would be satisfied in this manner. This claim fails because the deductions were effected by a valid act of the California legislature, and the legislative process satisfied the requirements of procedural due process. *See Halverson v. Skagit County*, 42 F.3d 1257, 1260–61 (9th Cir.1994) ("general notice as provided by law is sufficient"); *cf. Vance v. Barrett*, 345 F.3d 1083, 1090–91 (9th Cir.2003) (deductions from prisoners' accounts without statutory authorization require procedural safeguards).

Accordingly, we **AFFIRM** the district court's judgment.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.